■ In the Matter of DAVID V., a Person Alleged to be a Juvenile Delinquent. Appellant. [642 NYS2d 224] —Order of disposition, Family Court, Bronx County (Stewart Weinstein, J.), entered April 7, 1995, which adjudicated appellant a juvenile delinquent and placed him on probation for 18 months, following a fact-finding determination on November 1, 1994 that he committed an act which, if committed by an adult, would constitute the crime of sexual abuse in the first degree, unanimously affirmed, without costs.

Viewed in a light most favorable to the presentment agency, the uncontroverted testimony of the mother of the 3-year old victim that she observed the 11-year old appellant kissing her daughter on the mouth, using his tongue, was legally sufficient to establish "sexual contact" within the meaning of Penal Law § 130.00 (3) (*see, People v Teicher*, 52 NY2d 638, 646), and appellant's guilt of first-degree sexual abuse (Penal Law § 130.65 [3]). Moreover, upon an independent review of the facts, we find that the determination was not against the weight of the evidence. Issues raised by appellant concerning the credibility of the victim's mother, including those that arose from inconsistencies in her description of the contact, were placed before Family Court, and we find no reason to disturb its determination, which is entitled to great weight on appeal (*Matter of Phillippa P.*, 220 AD2d 275; *see, People v Quevedo*, 156 AD2d 265, *lv denied* 75 NY2d 870). Nor did Family Court err in refusing to draw a missing witness inference with respect to the victim's 8-year old brother, given the belatedness of appellant's request and the absence of indication that the brother would have provided noncumulative testimony (*see, People v Gonzalez*, 68 NY2d 424, 427, 430, n 2). Concur—Sullivan, J. P., Milonas, Ellerin, Nardelli and Williams, JJ.